UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
Neal Wiesner,

             Plaintiff,

    -against-

                           **COMPLAINT**

Hon. Eugene Nardelli, Hon. Milton L.
Williams, Hon. Peter Tom, Hon.
Angela M. Mazzarelli and Hon. David
B. Saxe, as Justices of the New
York State Supreme Court, Appellate
Division, First Department,

                         **Jury Trial Demanded**

             Defendants.
- - - - - - - - - - - - - - - - - -X

    Plaintiff, by his attorney, respectfully alleges the following upon information and belief as and for his complaint:

## Preliminary Statement

    1.   Plaintiff brings this action challenging a portion of the rules for admission to the Bar of the State of New York and alleges violations of his civil rights, other federal rights and rights under New York State Law and the New York State Constitution.

## Venue and Jurisdiction

    2.   Defendants' actions which gave rise to this

complaint took place in New York County in the Southern District of New York, where defendants also maintain a business office.

3.    Accordingly, venue in the Southern District is proper pursuant to 28 U.S.C. § 1391 (b) [a] (2).

4.    Plaintiff alleges that defendants violated his rights under 28 U.S.C. **§** 1983 and the Due Process and Equal Protection Clauses of the United States Constitution. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. 2201.

### Statement of Facts

5.   Plaintiff is a 1994 graduate of City University of New York Law School who passed the July 1994 New York State Bar Examination. Plaintiff resides in Richmond County, New York.

6.   Plaintiff is an ex-offender, having committed his last criminal offense in 1983.

7.   In 1987 he was sentenced to time-served on Federal narcotics charges by Hon. Gerard L. Goettel, who later went on help plaintiff get into law school and support his admission to practice law stating, in 1995, that plaintiff's character was "as good (and perhaps better) than most of those applying for admission" and that to admit the plaintiff "would be an act of public good."

8.   After a reversal of plaintiff's 1985 conviction for attempted murder though a *pro se* habeas corpus (<u>Wiesner v Abrams</u>, 723 F.Supp. 912 [EDNY 1989, Dearie, J.]), plaintiff entered an <u>Alford-Serrano</u> plea to attempted murder in 1990 and was sentenced to less time that he had already served.

9.  Plaintiff was released from prison in January, 1990.

10.  Plaintiff is an attorney in good standing admitted to the Bar of the State of New Jersey, the Federal District Courts for the District of New Jersey and the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second and Third Circuit.

11.  Since his initial application to practice law in

the State of New York in 1995, plaintiff has been denied admission to the Bar eight times by one or more of the defendants solely on the ground that he failed to demonstrate that he presently possessed the requisite character and moral fitness to practice law.

12.   During much of this period, the Appellate Division, First Department's Committee on Character and Fitness did not oppose plaintiff's applications.

13.   In 1997 plaintiff commenced an action in this Court against the defendants which was dismissed as non-justiciable (<u>Wiesner v Rosenberger</u>, 1998 WL 695927 [SDNY]).

14.   Nevertheless, there is no bar to the present action.

15.   In 2005, plaintiff was granted a license to practice law in New Jersey after the New Jersey Statewide Committee on Character and Fitness and the New Jersey Supreme Court found that plaintiff had demonstrated his present good character and fitness to practice law by clear and convincing evidence.

16.   The entire record of the New York proceedings before the defendants was considered by the New Jersey Court when making its determination.

17. The  Hon. Eugene Nardelli, Hon. Milton L. Williams, Hon. Peter Tom, Hon. Angela M. Mazzarelli and Hon. David B. Saxe are Justices of the Supreme Court, Appellate Division, First Department.  The business address of the defendants is: 27 Madison Avenue, New York, New York 10010.

18.   Defendants administer and interpret the New York character and fitness requirements for admission to the Bar of New York State and have denied plaintiff's application for admission to practice law, or his motions to renew his application for permission to practice law. The  most recent denial occurred on March 6, 2006.

19.   The entire record of plaintiff's admission proceedings in New Jersey was before the defendants when they denied plaintiff's most recent motion to renew.

20.   Plaintiff intends to re-apply for admission to

practice law in the State of New York, as permitted by New York Civil Practice Law and Rules § 9405.

21. Each Cause of Action set forth herein incorporates, by this reference, each paragraph preceding it.

### As And For A First Cause Of Action

**THE CHARACTER AND FITNESS STANDARDS GOVERNING ADMISSION TO THE NEW YORK STATE BAR ARE UNCONSTITUTIONALLY VAGUE AND FAIL TO GIVE PLAINTIFF AND OTHER APPLICANTS SUFFICIENT NOTICE OF THE SPECIFIC CHARACTER AND FITNESS REQUIRED FOR ADMISSION**

22. Plaintiff alleges that the statutes, rules and regulations setting forth the standards for admission to the New York State Bar, including New York Judiciary Law § 90 [1] [a], CPLR § 9404 and 22 NYCRR § 520.11), which are enforced and/or administered by defendants, are unconstitutionally vague, arbitrary, capricious, overbroad and/or fail to give sufficient notice of what is required or prohibited for admission to the Bar, in violation of the First, Fifth and Fourteenth Amendments to the United States Constitution.

## As And For A Second Cause Of Action

**THE PROCEDURES BY WHICH DEFENDANTS REVIEW AND DECIDE ADMISSION APPLICATIONS OR MOTIONS TO RENEW APPLICATIONS VIOLATE DUE PROCESS OF LAW**

23.   When an applicant is denied admission, or permission to renew his or her application for admission pursuant to C.P.L.R. § 9405, defendants are not required to provide any reasons or basis for their decision.

24.  In the absence of reasonably detailed reasons or an explanation by defendants, applicants, including plaintiff, are denied admission and/or permission to renew their applications without ever understanding the basis of the denial and without ever receiving guidance regarding the nature of any alleged deficiency in the application and what remedial action might be taken by the applicant.

25.  The prejudice and unfairness of this is further exacerbated because attorney applications are confidential pursuant to New York Judiciary Law § 90 and precedential dispositions on applications are unavailable to applicants for guidance and/or to provide fair notice of the admission

standards that will be applied to them.

26.   The failure of defendants to provide reasons for their adverse decisions denies plaintiff and other applicants due process of law and violates the First, Fifth and Fourteenth Amendments of the United States Constitution.

### As and For a Third Cause of Action

**THE NEW YORK STATE RULES FOR ADMISSION TO THE BAR, AS APPLIED, VIOLATE THE DUE PROCESS AND EQUAL PROTECTION CLAUSES**

27.   New York State has a Unified Court System and is divided into four judicial Departments.

28.   The rules for admission to practice require an applicant to apply in the Judicial Department where he or she resides.

29.   Admission by an applicant's home Judicial Department confers a right to practice law in any of the three other Judicial Departments.

30.   Although nearly identical character and fitness

requirements are set forth in each of the four Judicial Departments, the rules are applied differently in each Judicial Department.

31.  Thus, there are different standards for conferring an identical right to practice law and pursue one's chosen profession.

32. Upon information and belief, the Second and Third Judicial Departments have applied the admission standards differently than the remaining two Judicial Departments  and have admitted ex-offenders with similar or more egregious criminal backgrounds than plaintiff and on less compelling demonstrations of good character.

33. The Second Judicial Department recently admitted two ex-offenders who were convicted of homicide and two robbery offenses, respectively.

34.  The Third Judicial Department recently re-admitted an attorney who is a convicted sex offender, currently on probation and is a registered sex offender pursuant to Megan's Law.

35.  The rules for admission are not being applied equally, fairly and uniformly across the State.  The failure to apply the identical rules for admission in a uniform manner denies plaintiff and other applicants the protections guaranteed by the Equal Protection and Due Process Clauses to the United States Constitution.

## As And For A Fourth Cause Of Action

**DEFENDANTS VIOLATED PLAINTIFF'S RIGHTS UNDER 28 USC § 1983**

36.  Defendants presided over plaintiff's admission under color of State Law.

37.  Because of bias or failure or unwillingness or inability to perform their judicial function, although charged with doing so, defendants violated plaintiff's rights including, but not limited to, his right to Due Process and Equal Protection.

38.  Plaintiff will move for admission in the First Department in the future.

39.   Pursuant to C.P.L.R. § 2217, as it presently stands, defendants must hear that application.

40.   Defendants are not qualified to hear and decide plaintiff's application and a constitutionally sufficient panel should do so.

41.   Defendants should be enjoined from hearing any applications for admission on behalf of plaintiff on the grounds of bias.

### PENDENT STATE CLAIMS

### As And For A Fifth Cause Of Action

**DEFENDANTS VIOLATED PLAINTIFF'S RIGHTS UNDER
NEW YORK STATE CORRECTIONS LAW**

42.   It is "[t]he public policy of [New York State] * * * to encourage the licensure and employment of persons previously convicted of one or more criminal offenses" (Corrections Law § 753 [1] [a]; see also, Executive Law § 296 [15]).

43. Pursuant to Corrections Law § 751 <u>et</u> <u>seq.</u>, plaintiff is assured some protection against discrimination because he is an ex-offender.

44. Plaintiff alleges his right to that protection is violated by the defendants' conduct in failing to fairly consider his application for admission and denying his application without grounds or justification.

### As And For A Sixth Cause Of Action

**DEFENDANTS DECISION DENYING PLAINTIFF LEAVE TO RENEW HIS APPLICATION FOR ADMISSION IS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION AND AFFECTED BY AN ERROR OF LAW AND SHOULD BE VACATED PURSUANT TO ARTICLE 78 OF THE CPLR**

45. Defendants' March 6, 2006 Order which denied plaintiff's application to, *inter alia*, renew his application for admission to the New York State Bar was arbitrary, capricious, affected by an error of law and/or an abuse of discretion.

46. In rendering the aforesaid Order, defendants were without jurisdiction.

47.  In rendering the aforesaid Order, defendants failed to perform a duty enjoined upon them by law.

### As and For a Seventh Cause of Action

**DEFENDANTS' ACTIONS VIOLATED PLAINTIFF'S RIGHTS UNDER THE NEW YORK STATE CONSTITUTION**

48.  The defendants have violated plaintiff's First Amendment, Due Process and Equal Protection rights under Article I, §§ 6, 9 and 11 of the New York State Constitution.

### Relief Requested

49.  Plaintiff respectfully seeks a Judgment and  Order:

A) Declaring the challenged portions of the rules and procedures for admission to the New York State Bar Unconstitutional;

B) Enjoining enforcement or voiding the character and fitness rules for admission to practice law in the State of New York insofar as they violate the United States Constitution;

C) Declaring defendants have violated plaintiff's rights and enjoining defendants from hearing plaintiff's application in the future'

D) Declaring defendants violated plaintiff's State rights; and

E) Vacating defendants' Order of March 6, 2006 as arbitrary, capricious, affected by an error of law

and an abuse of discretion, without jurisdiction and the result of a failure of the defendants to perform a duty enjoined upon them by law.

F) Declaring defendants have violated plaintiff's rights under the New York Constitution;

G) And granting such other and further relief as to this Court seems proper and just.


Wherefore plaintiff respectfully prays that a Judgment and Order issue granting the relief requested and for such other and further relief as to this Court seems proper and just.

Dated:    New York, New York
          May 8, 2006

                              Respectfully submitted,

                                    /S/

                              Roland Acevedo (RA 8915)
                              *Attorney for Plaintiff*
                              Seiff, Kretz & Abercrombie
                              444 Madison Avenue, 30th Floor
                              New York, New York 10022
                              (212) 371-4500

Neal Wiesner
*Of Counsel*